Filed 8/20/20  P. v. Thomas CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY ROMEL THOMAS, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B298887<br>(Super. Ct. No. 2015004140)<br>(Ventura County) |

Gregory Romel Thomas, Jr., appeals from the judgment after a jury convicted him of assault with a deadly weapon on a police officer.  (Pen. Code,[1] § 245, subd. (c).)  Thomas admitted he suffered two prior serious felony convictions (§ 667, subd. (a)) and two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12).  The trial court sentenced him to 25 years-to-life in state prison.

---

[1] Further unspecified statutory references are to the Penal Code.

Thomas contends (1) his trial counsel rendered ineffective assistance, (2) the trial court erred when it denied his *Romero* motion,[2] and (3) his sentence as a third strike offender was unauthorized.  We affirm.

## FACTS AND PROCEDURAL HISTORY

A shop owner reported a crime and directed police officers to a Toyota Corolla in the parking lot.  As Thomas was pulling out of the parking stall and driving the Corolla toward the officers, one of the officers tried to stop the Corolla.  The officer walked in front of the car, held up one hand, and shined a flashlight on "strobe mode" toward the front of the car.

Thomas accelerated towards the officer at approximately 15 to 20 miles per hour.  The officer pushed off the hood of the car to move out of the way.  The officer testified that had he not done so, Thomas would have run him over.

After the jury's conviction, Thomas retained new counsel and moved to strike his two prior strike convictions pursuant to *Romero*.  Thomas argued, among other things, that his prior strikes were 25 years old and that he did not intend to injure the officer.

The trial court reviewed the probation report, which included Thomas's criminal history.  The probation report stated that in 1994, Thomas was convicted of two separate armed robberies by an Oklahoma state court.  He was also convicted in federal court of conspiracy to commit carjacking.  He was released from prison in November 2001 and placed on supervised release for three years.  In December 2002, he was convicted of loitering for the purpose of prostitution and placed on probation

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

for 24 months. In July 2003, Thomas was convicted of providing false information to a police officer and ordered to serve 60 days in jail. In August 2003, Thomas's supervised release was revoked, and he was ordered to spend eight months in federal prison.

In May 2007, Thomas was convicted of disorderly conduct by a Georgia state court and was placed on probation for six months. In March 2008, Thomas was arrested, and in October 2008, he was convicted of possessing counterfeit currency and sentenced to 24 months in custody. In December 2009, he was placed on supervised release for five years. In April 2010, Thomas was convicted of forgery by a Georgia state court and was placed on probation for three years nine months and ordered to serve 15 months in jail. In March 2012, Thomas was convicted in federal court of passing counterfeit obligations or securities and was sentenced to 33 months in federal prison. In February 2014, he was placed on supervised release for 36 months. A year later, he committed the current offense.

At the hearing, the court stated:

> I am aware of my discretion to strike a strike, and I have read and considered the briefing in this case and the requests made by the Defense.
>
> However, the crime involved here was violent in nature and it involved the potential for death or great bodily harm.
>
> Defendant's prior convictions are numerous. And I understand that the strikes are remote in time.

But over the past 20 years, the defendant has served both state and federal prison terms and his criminal history spans across multiple states.

The instant conduct occurred when defendant was on probation, parole or both.

And efforts at the defendant's rehabilitation have been numerous and unsuccessful.

When I look at the case law, and frankly, just the spirit of the law, I cannot justify striking a strike in this case.

The prosecutor argued that Thomas was a "lifelong career criminal." The prosecutor asserted that "the longest time [he] has gone without incarcerating was a two-year period. And even during that two-year period, he was on either probation or parole. He has never in his adult life not been on probation or parole."

Defense counsel disagreed with the prosecutor and asserted that from "2004 to 2008, Mr. Thomas had four years in which he was not under any form of supervision." Counsel noted that he had been on the case for a "limited time" and that he was "working with some limited documents."

The trial court denied the *Romero* motion. The court found that Thomas was a "career criminal" and that his conduct in the current offense was "inherently dangerous."

# DISCUSSION
## *Ineffective Assistance of Counsel*

Thomas contends he received ineffective assistance when his counsel did not obtain "a current and accurate copy" of Thomas's criminal history and did not ask for a continuance to do so. He argues that had counsel done so, "he would have had documentation showing that [Thomas] did enjoy at least one four-year period of time in which he was not in jail/prison or on probation/parole." We are not persuaded.

A defendant claiming ineffective assistance of counsel has the burden to show (1) counsel rendered deficient performance, and (2) prejudice as a result of counsel's deficient performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*); *People v. Riel* (2000) 22 Cal.4th 1153, 1175.) To show prejudice, the defendant must prove there was a reasonable probability of a more favorable determination in the absence of counsel's deficient performance. (See *Strickland*, at p. 688.) A court need not address both prongs of the test before rejecting a claim of ineffective assistance of counsel. If a defendant fails to establish either prong, the claim should be denied. (*Id*. at p. 697.)

Thomas does not show he was prejudiced by counsel's failure to obtain his criminal history. The trial court stated it reviewed the probation report, which included Thomas's criminal history. The probation report showed that Thomas was not incarcerated and was free from probation or parole from December 2004 to May 2007 and from November 2007 to October 2008. The trial court thus considered these periods in which he was free from incarceration or supervision.

5

### *Romero Motion*

Thomas contends the trial court erred when it denied his *Romero* motion. His contention lacks merit.

We review rulings on *Romero* motions for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*).) A trial court has discretion to dismiss a prior strike for sentencing purposes if the defendant falls outside the spirit of the "Three Strikes" law. (§ 1385; *Romero, supra*, 13 Cal.4th at pp. 529-530.) The trial court "must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

A denial of a *Romero* motion is an abuse of discretion only in those "limited circumstances" where a court was unaware of its discretion, considered impermissible factors, or otherwise acted in an arbitrary, capricious, or patently absurd manner. (*Carmony, supra*, 33 Cal.4th at p. 378.) In the absence of such a showing, we presume the court acted to achieve legitimate sentencing objectives and will not set aside its discretionary determination. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)

The trial court did not abuse its discretion when it denied the *Romero* motion. Thomas, who was 43 years old at the time of sentencing, had a lengthy criminal history. The strike offenses occurred in 1994, when he was 19 years old. After he was released, he continued to commit crimes. The longest period

6

that he was not incarcerated or on probation or parole was only two and a half years (December 2004 to May 2007). Thomas's past attempts to rehabilitate were unsuccessful, and he committed multiple crimes while he was on probation or parole. He was also on supervised release when he committed the current offense. In sum, Thomas's criminal history reflects that he was the type of "'"revolving door" career criminal to whom the Three Strikes law is addressed.' [Citation.]" (*Carmony, supra,* 33 Cal.4th at p. 379; see also *People v. Pearson* (2008) 165 Cal.App.4th 740, 749-750 (*Pearson*) [25-year continuous criminal history supported a denial of a *Romero* motion].)

Moreover, the nature of Thomas's prior strike offenses and his current offense were serious and dangerous. In the prior strikes, Thomas and codefendants used a gun to kidnap and rob their victims of personal items, money, and their car. In one instance, the victim was "struck . . . with the pistol, thus inflicting serious and grievous wounds." In the current offense, Thomas accelerated his car in an attempt to strike a police officer. The court properly considered the violent nature of these offenses.

Thomas contends that his case falls "outside the spirit of the Three Strikes law" because the majority of his criminal history "involved financial crimes devoid of any kind of violence." It is presumed that the trial court considered all relevant factors in denying a *Romero* motion. (*Pearson, supra,* 165 Cal.App.4th at p. 749.) The record reflects the court considered the written *Romero* motion, oral arguments, and the probation report, which included details of his past crimes. There was no abuse of discretion.

7

### *Prior Strikes*

Thomas contends his sentence as a third strike offender was unauthorized because his 1994 out-of-state/federal convictions were not serious felonies within the meaning of the Three Strikes law.  We review whether a defendant's prior conviction qualified as a strike for sufficiency of the evidence. (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1132-1133.)

Here, Thomas admitted the 1994 offenses were prior strike convictions.  By admitting the prior strike enhancement, Thomas "waive[d] an appellate challenge to the sufficiency of the evidence."  (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.)

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

8

Ronda J. McKaig, Judge

Superior Court County of Ventura

_____

Heather Shallenberger, under appointment by the
Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters,
Chief Assistant Attorney General, Susan Sullivan Pithey,
Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen,
Deputy Attorneys General, for Plaintiff and Respondent.